LAUGHNER et al. v. SCHELL.

(Circuit Court of Appeals, Third Circuit. May 23, 1919.)

No. 2429.

Courts ⬤⟿322(3)—Federal Courts—Jurisdiction—Diversity of Citizenship.

Where a stockholder, a citizen of California, brought a bill against the corporation and its officers, citizens of Pennsylvania, to require them to account to the corporation for certain commissions paid, the cause of action and prayer for relief constituting in substance a stockholder's bill merely, the District Court has no jurisdiction on the ground of diversity of citizenship, where complainant has not complied with the mandatory direction of equity rule No. 27 (198 Fed. xxv, 115 C. C. A. xxv), requiring a stockholder's bill to contain a verified allegation that the suit is not a collusive one to confer jurisdiction on the federal court in a case of which it would not otherwise have cognizance.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Bill by J. E. Schell against P. O. Laughner, C. A. Cooper, and others. Decree for complainant, and the named defendants appeal. Bill dismissed, and cause remanded, with directions.

---

Arthur E. Young, of Pittsburgh, Pa., for appellants.

John G. Frazer, Edwin W. Smith, and Reed, Smith, Shaw & Beal, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. This was a bill in equity filed by J. E. Schell, a citizen of California, against the Minnetonka Oil Company, a corporate citizen of Pennsylvania, and P. O. Laughner, H. J. Wheeler, C. A. Cooper, and E. M. Iland, who were also citizens of Pennsylvania. It alleged said defendant individuals were directors of the oil company; that Laughner was its president, Wheeler its vice president, and Cooper its secretary and treasurer; and that Schell, the plaintiff, owned 70 shares of its capital stock. It further alleged the defendant company had sold to the Prairie Oil & Gas Company certain oil and gas properties, and received the purchase money therefor; that its said officers were about to pay to one A. V. Laughner a commission of 3 per cent., or $41,250, on the purchase price; that such payment, if made, "will be fraudulent, illegal, and unauthorized, and against the rights of your orator and of the other stockholders of the Minnetonka Oil Company, said A. V. Laughner not having been duly and legally appointed the agent of the Minnetonka Oil Company to negotiate a sale of the property, and not having brought the Minnetonka Oil Company together with the Prairie Oil & Gas Company, the purchaser, and the said sale was not made as a result of the efforts of the said A. V. Laughner."

The bill prayed, first, for an injunction to enjoin payment of such commission; but, as the payment had been made before the bill was filed, this prayer failed of its purpose. Its second prayer was for an accounting by the defendant individuals to the company for their alleged fraudulent action as follows:

"Second. That said defendants P. O. Laughner, H. J. Wheeler, C. A. Cooper, and E. M. Iland be directed to account to the Minnetonka Oil Company for any and all sums of money whatsoever paid to the said A. V. Laughner, or to any other person, as a commission for or on account of or by reason of the sale of said property."

The court below heard the case on bill, answer, and proofs, and entered a decree as follows:

"That P. O. Laughner and C. A. Cooper, two of the defendants, forthwith pay to J. E. Schell, the plaintiff, the sum of fifty-seven hundred seventy-five dollars ($5,775.00), with interest from April 2, 1917, amounting to $549.58, making a total of sixty-three hundred twenty-four and $58/100$ dollars ($6,324.58), and that the plaintiff have execution against them for that amount with costs; that the bill be dismissed as to Minnetonka Oil Company, H. J. Wheeler, and E. M. Iland, the other defendants; that the defendants P. O. Laughner and C. A. Cooper pay the costs in this proceeding."

From such decree Laughner and Cooper took this appeal.

The decree, it will be observed, makes a money award in favor of an individual stockholder against two officers for the alleged wrong of unlawfully misapplying corporate funds. As such individual relief was not stated as a cause of action in the bill, or prayed for as relief,

it follows the decree entered was different from the cause of action stated and the relief prayed for. Indeed, when the gist of the bill is sensed, it will be seen that the real cause of action, if it exists, is a right of action of the Minnetonka Oil Company, and the bill is a stockholders' bill to enforce such corporate right. Such being the case, the real dispute is one between the Oil Company, on the one side, and the individual defendants on the other; in other words, it is a question between citizens of Pennsylvania, and as between citizens of Pennsylvania the District Court for the Western District of Pennsylvania had no jurisdiction. Such being the fact, the real parties to the dispute being citizens of Pennsylvania, it is sought to base jurisdiction on the citizenship of the plaintiff, who is a citizen of California. But, as we have seen, the plaintiff neither had nor does he state any individual cause of action. On the contrary, the basis of his bill is "the rights of your orator and of the other stockholders of the Minnetonka Oil Company," and it prays the defendants "be directed to account to the Minnetonka Oil Company."

The cause of action and prayer for relief constituting, in substance, a stockholders' bill, it follows that to invoke the jurisdiction of the District Court on the ground of diversity of citizenship, Schell was bound to comply with the mandatory direction of equity rule No. 27 (198 Fed. xxv, 115 C. C. A. xxv). Having failed to do so, this shareholders' bill should have been dismissed, and the cause will therefore be remanded to the court below, with directions to enlarge its decree by dismissing the bill as to Laughner and Cooper as well as the other defendants.