**MOORE et al. v. PANAMA ICE & FISH CO.**
**et al.**

No. 7942.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1936.

John H. Carter, of Marianna, Fla., for appellants.

J. M. Sapp, of Panama City, Fla., and Wm. Fisher, of Pensacola, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

L. H. Moore and four other persons who claimed to be the owners of 133½ of the total of 250 shares of the capital stock of the Panama Ice & Fish Company, a Florida corporation, filed a bill in equity against the appellees, the above-named corporation, and four individuals who were alleged to be the owners of 116¹¹⁄₁₂ shares of the capital stock of that corporation. The allegations of the bill showed the following: The appellees claim that they constitute the board of directors of said corporation, by virtue of their election as such at an annual meeting of the corporation's stockholders on January 21, 1935, by receiving the votes of 142½ shares, as against 107½ shares voted against them for other nominees for directors in said election; 25⁷⁄₁₂ shares of said 142½ shares so voted and counted were illegally voted by Gladys M. Tyson, one of the appellees, who claimed to be the owner thereof by purchase from the children of W. R. Moore, deceased. The part of the estate of Ella B. Moore, deceased, of which, under her will, W. R. Moore (who was of unsound mind when that will was executed), was a beneficiary, consisted of the above-men-

tioned 25⁷⁄₁₂ shares of the capital stock of said corporation, a certificate, No. 17, for which was issued to said L. H. Moore as trustee under a provision of that will, which contained the following:

"I hereby appoint my son, L. H. Moore, as trustee for my son, W. R. Moore, and direct that said trustee shall manage said trust property for the support of my son W. R. Moore, and the support and education of his children. Upon the death of said son, W. R. Moore, without his having been declared of sound mind as hereinafter provided, said trustee shall manage the same for the use and benefit of the said children of my son W. R. Moore, until the youngest of said children attains the age of twenty-one years. When the youngest child of my said son W. R. Moore attains the age of twenty-one years, said trustee shall pay to Mary Moore, daughter of said W. R. Moore, and T. H. Moore and Reginald Moore, sons of the said W. R. Moore in equal amounts all monies, or property in his hands or under his control.

"In the event said W. R. Moore is declared of sound mind by a court of competent jurisdiction, the said trustee shall pay and transfer said trust property to said W. R. Moore, for his own use and benefit.

"Said trustees shall have the power to sell and dispose of any of said trust property for reinvestment, and may invest and re-invest and all investments and re-investments shall be subject to the terms and provisions of said trust in the place of the property disposed of. Said trustee shall have full discretion as to the portion of said incomes or profits of or appertaining to said trust, to be applied to the support of said W. R. Moore and the portion to be applied to the maintenance and education of his said children. Said trustee shall not be liable or responsible for error of judgment."

W. R. Moore died, without having been declared of sound mind. After his death, his three children, neither of whom was alleged to have been under the age of 21 years, undertook to sell and assign said 25⁷⁄₁₂ shares of stock to Gladys M. Tyson, one of the appellees. Without a surrender of the certificate for said 25⁷⁄₁₂ shares which had been issued to L. H. Moore, as trustee, appellees as directors of said corporation recognized the pretended assignment, and caused a new certificate for 25⁷⁄₁₂ shares to be issued to Gladys M. Tyson in place of said certificate No. 17, and attempted to cancel said certificate No. 17 by marking the stub in the stock certificate book canceled. The bill contained allegations as to the administration of said trust being still pending in a named Alabama court, as to said trust estate being indebted to L. H. Moore as trustee for sundry expenditures made by him of his own funds for the benefit of the trust estate; as to the by-laws of said corporation providing for the transfer of its stock being made by the holder thereof or by his attorney; as to said pretended transfer having been made to enable defendants to control said corporation; as to defendants refusing to furnish plaintiffs with itemized statements of the business, of operating expenses, or receipts or disbursements, or any financial statement other than a condensed balance sheet at the annual meeting in January, 1935; and as to the alleged improvident acts of the defendants in the conduct of the affairs of said corporation. The bill alleged: "That until said stock is sold by the trustee and the balance due the trustee on his accounts is settled, the said children of W. R. Moore are not entitled to said stock or any proceeds therefrom, and the attempted sale and transfer of same by them to said Gladys M. Tyson was null and void and passed no title to the stock to her or any right to vote the same."

Relief prayed by the bill included an adjudication that said stock certificate No. 17 is in full force and effect in the hands of L. H. Moore as trustee; an accounting by appellees as to their conduct of the business of said corporation; the appointment of a receiver of said corporation's property, with authority to operate the same until the further order of the court; and that appellees be enjoined from in any manner interfering with the operation of the plant or the business affairs of said corporation during the pendency of such receivership. Upon the submission of the cause by agreement of counsel upon plaintiff's application for an injunction and for the appointment of a receiver, upon the pleadings and evidence adduced, and upon the motion of the defendants to dismiss the bill of complaint, the court entered a decree dismissing the bill of complaint.

It is apparent that the main basis of the claim to equitable relief sought by the bill is the alleged invalidity of the transfer by the three children of W. R. Moore to Gladys M. Tyson, an appellee, of 27⁷⁄₁₂ shares of the capital stock of the Panama Ice & Fish Company. No inca-

pacity of the transferors to dispose of any property beneficially owned by them is alleged. The extent of the trust conferred on L. H. Moore was to manage the trust property for the support of W. R. Moore and the support and education of his children, and, upon the death of W. R. Moore without having been declared of sound mind, to manage that property for the use and benefit of said children until the youngest of them attained the age of 21 years; the trustee being vested with "full discretion as to the portion of said income or profits of or appertaining to said trust, to be applied to the support of said W. R. Moore and the portion to be applied to the maintenance and education of his said children." The will which created the trust conferred no power on the trustee to make the trust property liable for the amount of the trustee's own funds expended by him for the benefit of the trust estate. Upon the death of W. R. Moore (who did not cease to be of unsound mind), after his youngest child had attained the age of 21 years, no purpose of the trust remained unaccomplished, the trust was terminated or became dormant or passive, the title of the trustee became extinct, and in equity the trust estate became vested in those beneficially entitled to it. Webster v. Cooper, 14 How. 488, 14 L.Ed. 510; Croxall v. Shererd, 5 Wall. 268, 18 L.Ed. 572; Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721; Reimer v. Smith, 105 Fla. 671, 142 So. 603. The sale of the corporate shares in question by the beneficial owners of them was not rendered invalid or ineffectual by reason of the issue to the purchaser of a new certificate for them without a surrender of the certificate issued to L. H. Moore, as trustee. The certificate for corporate stock is not the holder's share or interest in the corporate enterprise, but is merely evidence of ownership of such share or interest. Richardson v. Shaw, 209 U.S. 365, 28 S.Ct. 512, 52 L.Ed. 835, 14 Ann.Cas. 981; 14 C.J. 478. A requirement in the by-laws of a corporation for the surrender of an outstanding certificate before issuing a new one for the same shares is for the benefit of the corporation, and may be waived by it. State ex rel. Com'rs of Columbia County v. Suwanee County Com'rs, 21 Fla. 1; 14 C.J. 677. By the purchase of the 25⅞₁₂ corporate shares in question from the beneficial owners thereof, the purchaser became fully entitled thereto. The bill does not show that that purchaser was without right to vote those shares in the challenged election of appellees as directors of the Panama Ice & Fish Company. The averments of the bill of complaint show no right to any relief sought in so far as the asserted right to such relief is based on the charged invalidity of the sale and transfer to Gladys M. Tyson, one of the appellees, of the 25⅞₁₂ shares of corporate stock in question.

The bill of complaint did not, by allegations of fact, show that defendants were under any duty to furnish plaintiffs any of the statements as to the business of said corporation which the bill alleged defendants refused to furnish. The bill did not allege that the right of the plaintiffs to examine the corporate books and accounts was denied, or that plaintiffs attempted to exercise that right. The bill challenged the wisdom or advisability of specified acts of appellees in their conduct, as directors, of the business of said corporation, but did not allege that any of those acts was fraudulently or dishonestly done, and did not allege that before the bill was filed appellees as directors were applied to for a correction of alleged abuses, or that such an application would have been fruitless. A result of the failure of the bill to show the invalidity of the transfer to one of the appilees of the 25⅞₁₂ shares of corporate stock in question is that the bill is to be regarded as one filed by minority stockholders against the corporation founded on rights which may properly be asserted by the corporation. There was no attempt to comply with Equity Rule 27, 28 U.S.C.A. following section 723. Where a stockholders' bill fails to comply with the mandatory provisions of that rule, it should be dismissed. Laughner v. Schell (C.C.A.) 260 F. 396; Delaware & Hudson Co. v. Albany & Susquehanna R. Co., 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862. The bill did not show that plaintiffs therein were entitled to any relief sought.

The decree is affirmed.